## Case No. 16,774.

### UNITED STATES v. WRIGHT.

[15 Int. Rev. Rec. 9.]

District Court, D. Massachusetts. 1871.

INDICTMENT—OFFENCE COMMITTED ON LANDS CEDED BY STATE.

In an indictment under the statute of April 5, 1866, c. 24, § 2 (14 Stat. 12), it is unnecessary to aver that the offence is not punishable by any law of congress, and is punishable by the state laws; and a conclusion "against the form of the statute" is correct.

Motion in arrest of judgment. The defendant [Ellery C. Wright] was indicted for an assault committed on land ceded in the year 1828, by the commonwealth of Massachusetts, to the United States, for the erection of a light-house. The offence was charged in a way which would be sufficient by the law of the state, but did not contain any averment that the offence was in fact punishable by the laws of the state, or that it was not punishable by the laws of the United States. It concluded "against the form of the statute." In Massachusetts assaults are common-law crimes.

E. L. Barney, for defendant.

The indictment should show clearly what law has been violated, else the defendant may be embarrassed. There is no averment to show what statute has been violated, and none has been violated. The conclusion is wrong.

E. P. Nettleton, Asst. U. S. Dist. Atty.

The indictment follows that in U. S. v. Davis [Case No. 14,930], and is sufficient. The law of the state is that in case of legal conviction, where no punishment is provided by statute, the court shall award such sentence as is conformable to the usage and practice in the state General Statutes, c. 174, § 1. The conclusion is right, because the offence is adopted by congress, and made part of the law of the United States. If wrong, it may be rejected.

LOWELL, District Judge. By the act of April 5, 1866, c. 24, § 2 (14 Stat. 12), if any offence shall be committed in any place which has been ceded to the United States, which offence is not punished by the laws of the United States, such offence shall, upon conviction, etc., be liable to the same punishment as the laws of the state in which such place is situated in force at the date of the act provide for the like offence. The laws of Massachusetts then and now in force punished assaults, by usage and practice, as offences at common law, and the General Statutes in several places recognize the crime and give ju-

risdiction to certain courts to punish it, and provide how such a prosecution may be disposed of in certain cases by an acknowledgment of satisfaction. The point was not taken that congress, by the act of 1866, intended to adopt only offences created by the statutes of the several states, and I think the fair meaning of the act is to adopt all the laws in respect to crimes. This being so, the question is whether the indictment ought to aver that this crime is not punishable by any law of congress, and is punishable by the state laws. I see no necessity for any such allegation. When congress adopted the laws, they became a part of the laws of the United States; and true pleading requires only the facts to be set out. Even if it were not so, the court must take judicial notice of the laws of Massachusetts, and the defendant must be presumed to know them, and it is unnecessary to allege them. Pennington v. Gibson, 16 How [57 U. S.] 65, 81. This assault was an offence against the form of the statute of 1866, else it could not be punished here at all. I do not see how it is possible under the decision of the supreme court to conclude any indictment otherwise than as "against the statute," because there is no common-law jurisdiction. But here, again, is the alternative that the modern doctrine undoubtedly is that this conclusion may be rejected as surplusage. Motion denied.